UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JACOB SIMPSON**, an individual,

Plaintiff,

v.

**FLURESH, LLC,** a Michigan Limited
Liability Company, and **SABINA LONE**,
an individual, jointly and severally,

Defendants.

Hon.
Case No.

---

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

### **INTRODUCTION**

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Defendants violated the FLSA by failing to pay Plaintiff at the mandated overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) in a workweek. The FLSA requires all employees to be compensated at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

4. Defendants violated the IWOWA by failing to pay Plaintiff the mandated overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) in a workweek. The IWOWA requires all employees to be compensated at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

5. Plaintiff seeks a declaration that his rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

9. Employees of Defendant Fluresh, LLC, were either 1) engaged in commerce; 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was either 1) engaged in commerce; 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

11. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

12. Defendant Fluresh, LLC, established a Medical Advisory Board which consists of medical professionals from different states across the United States such as Illinois (Dr. Marcia E. Leikin and Dr. Smita Patel) and Texas (Dr. John J. Seidenfeld).

13. Defendant Fluresh, LLC, retains Chris Anderson, of the Chicago area, as their General Counsel and Chief Regulatory Officer.

14. Defendant Fluresh, LLC, accepts out-of-state medical cards.

15. Employees of Defendant Fluresh, LLC, accepted out-of-state medical cards.

16. Defendant Fluresh, LLC, advertises that they provide their products to be bought as wholesale and sold/used in other medical or adult use provisioning centers.

17. Defendant Fluresh, LLC, provided their products to be bought as wholesale and sold/used in other medical or adult use provisioning centers.

18. Defendant Fluresh, LLC, provided an Automated Teller Machine (ATM) at it's business location that was serviced by Haven Financial.

19. Defendant Fluresh, LLC received products from companies located outside of the state of Michigan.

20. Defendant Fluresh, LLC, received products from Urban Roots.

21. Defendant Fluresh, LLC, sold products from Urban Roots.

22. Defendant Fluresh, LLC, received products from Basso Botanicals.

23. Basso Botanicals is based in Arizona.

24. Defendant Fluresh, LLC, sold products from Basso Botanicals.

25. Defendant Fluresh, LLC, advertised products for sale that it received from Basso Botanicals.

26. Defendant Fluresh, LLC, received products from ZZ Wholesale, Inc.

27. ZZ Wholesale Inc. is based in Illinois.

28. Defendant Fluresh, LLC, sold products from ZZ Wholesale Inc.

29. Defendant Fluresh, LLC, advertised products for sale that it received from ZZ Wholesale Inc.

30. Defendant Fluresh, LLC, received products from High Mountain Imports.

31. High Mountain Imports is based in Colorado.

32. Defendant Fluresh, LLC, sold products from High Mountain Imports.

33. Defendant Fluresh, LLC, advertised products for sale that it received from High Mountain Imports.

34. Defendant Fluresh, LLC, received products from My Bud Vase.

35. My Bud Vase is based in South Carolina.

36. Defendant Fluresh, LLC, sold products from My Bud Vase.

37. Defendant Fluresh, LLC, advertised products for sale that it received from My Bud Vase.

38. Defendant Fluresh, LLC, received products from Kromedome.

39. Kromedome is based in Illinois..

40. Defendant Fluresh, LLC, sold products from Kromedome.

41. Defendant Fluresh, LLC, advertised products for sale that it received from Kromedome.

42. Plaintiff engaged in commerce by selling products for Fluresh, LLC.

43. Plaintiff engaged in commerce by selling products for Fluresh, LLC, that were received from outside of the State of Michigan.

44. Plaintiff engaged in selling products that were in the stream of commerce.

45. At all times relevant, Defendant Fluresh, LLC's annual gross volume of sales made or business done was not less than $500,000.

46. At all times relevant, Defendant Fluresh, LLC employed more than two persons.

47. Defendant Fluresh, LLC is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

48. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

49. Plaintiff Jacob Simpson is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

50. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

51. Defendant Fluresh, LLC (hereinafter referred to as "Fluresh") is a Domestic Limited Liability Company located at 1213 Phillips Avenue SW, Grand Rapids, MI 49507.

52. Defendant Sabina Lone ("Lone") is an individual who, upon information and belief, is a resident of Kent County, Michigan.

53. Defendant Lone was responsible for the day to day operation of Defendant Fluresh.

54. Defendant Lone was directly involved in decisions regarding Plaintiff's work, schedule, and compensation.

## GENERAL ALLEGATIONS

55. Plaintiff began working for Defendants on January 8, 2020.

56. On March 24, 2020, Defendants placed Plaintiff on temporary leave due to the Coronavirus Disease ("COVID-19").

57. Plaintiff worked for all Defendants.

58. Plaintiff was hired and given the title of assistant manager for Defendants.

59. Plaintiff was to be compensated on a bi-monthly basis.

60. Plaintiff was to be compensated at a rate of $2,083.33 bi-monthly.

61. Plaintiff's duties included, among other things, inventory, restocking, counting tills and drawers, opening and closing at times, working the floor helping customers, and answering phones.

62. Plaintiff was not authorized to hire and/or fire any employees.

63. Plaintiff did not make any decisions regarding the salary of other employees.

64. Plaintiff did not create or plan the schedule for other employees.

65. Plaintiff's hours worked varied per workweek.

66. Plaintiff worked approximately forty-five (45) to fifty (50) hours per workweek.

67. Plaintiff was not compensated for all hours worked.

68. Plaintiff was not compensated at an overtime rate not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

69. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

70. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

71. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

72. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

**WILLFUL VIOLATION OF FLSA**

73. Defendant Lone utilized Defendant Fluresh to subvert her obligations under state and federal law.

74. Defendants knew or should have known that Plaintiff was entitled to be compensated at the appropriate rate, for all hours worked.

75. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

76. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
## FAILURE TO PAY OVERTIME

77. Plaintiff hereby incorporates and realleges all the paragraphs above.

78. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

79. Plaintiff was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

80. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

81. Defendants violated the FLSA by failing to pay Plaintiff at an overtime rate no less than time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

82. Defendants' violation of the FLSA was knowing and willful.

83. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A.   An Order declaring Defendants willfully violated the FLSA;

B.     An Order granting judgment in favor of Plaintiff and against Defendants, jointly and severally, and awarding Plaintiff the full amount of damages and liquidated damages available to him under the FLSA;

C.     An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

D.     An Order declaring Defendants violated the IWOWA;

E.     An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the IWOWA as provided by statute;

F.     An Order awarding- and post-judgment interest to Plaintiff on these damages; and

E.     An Order awarding such other and further relief as this Court deems appropriate.

Dated: July 29, 2020                              Respectfully Submitted,

                                                         */s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 29, 2020                              Respectfully Submitted,

                                                         */s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff

Avanti Law Group. PLLC

Case 1:20-cv-00695 ECF No. 1 filed 07/29/20 PageID.10 Page 10 of 11

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information, and belief.

Date: 7/29/2020

Jacob Simpson